No. 17-30167

———————————

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

———————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**STEVEN DOUGLAS ROCKETT,**

**Defendant-Appellant.**

———————————

**Appeal From The United States District Court**
**For the District of Oregon**
**No. 3:13-cr-00557-SI**
**Honorable Michael H. Simon**

———————————

### OPENING BRIEF OF APPELLANT

———————————

**Stephen R. Sady**
**Chief Deputy Federal Public Defender**
**Lisa Ma**
**Research And Writing Attorney**
**Federal Public Defender District Of Oregon**
**101 SW Main Street, Suite 1700**
**Portland, Oregon 97204**
**(503) 326-2123**

**Attorneys for Defendant-Appellant**

# TABLE OF CONTENTS

Table Of Authorities ......................................................................................... iii

Statement Of Jurisdiction ..................................................................................1

Statement Of Issue ............................................................................................2

Statement Of The Case .....................................................................................3

    Nature Of The Case ......................................................................................3

    Proceedings And Disposition Below ..............................................................3

    Standard Of Review ......................................................................................5

    Custody Status .............................................................................................5

Statement Of Facts ...........................................................................................5

    Restitution For G.G. ($9,100) .......................................................................5

    Restitution For M.G. ($3,500) ......................................................................6

    Restitution For V.P. ($6,300) .......................................................................7

    Restitution For J.D.L. ($3,900) .....................................................................7

Summary Of Argument .....................................................................................8

Argument ........................................................................................................10

I.    The Restitution Awards Exceeded The Statutory Authorization
    Provided By 18 U.S.C. § 2259. ..................................................................10

    A.    Restitution Under § 2259 Must Represent Losses That
        Were Proximately Caused By The Offense That Can Be
        Calculated With Some Reasonable Certainty. ....................................10

i

B.   Restitution For Individual And Couples Counseling For M.G. And G.G.'s Parents Exceeded The Authority Conferred Under § 2259 Because The District Court Neither Determined The Parents Were Statutory Victims Nor Identified A Causal Connection Between The Offense And The Parents' Costs. ...................................................................... 12

C.   Restitution For Future Costs Was Unlawful Under § 2259 Because The Government Failed To Calculate The Future Costs With Some Reasonable Certainty. ............................................. 14

Conclusion ........................................................................................... 18

Statement Of Related Cases ................................................................ 19

Certificate Of Compliance .................................................................. 20

Certificate Of Service .......................................................................... 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bifulco v. United States*,
    447 U.S. 381 (1980) ......................................................... 10

*Manrique v. United States*,
    137 S. Ct. 1266 (2017) ...................................................... 4

*Paroline v. United States*,
    134 S. Ct. 1710 (2014) ..................................................... 11

*Skilling v. United States*,
    561 U.S. 358 (2010) ........................................................ 10

*United States v. Doe*,
    488 F.3d 1154 (9th Cir. 2007) ............................... 11-12, 16

*United States v. Follet*,
    269 F.3d 996 (9th Cir. 2001) ........................................... 10

*United States v. Galan*,
    804 F.3d 1287 (9th Cir. 2015) ........................................... 5

*United States v. Gamma Tech Indus.*,
    265 F.3d 917 (9th Cir. 2001) ........................................... 16

*United States v. Gossi*,
    608 F.3d 574 (9th Cir. 2010) ........................................... 10

*United States v. Kennedy*,
    643 F.3d 1251 (9th Cir. 2011) ...................... 8, 12, 14, 17

*United States v. Laney*,
    189 F.3d 954 (9th Cir. 1999) ......................... 9, 11, 15, 16

## FEDERAL STATUTES

18 U.S.C. § 2259 ............................................................ *passim*

18 U.S.C. § 2259(b) ............................................... 10, 11, 12

iii

18 U.S.C. § 2259(c) ........................................................................ 10

18 U.S.C. § 3231 ............................................................................. 1

18 U.S.C. § 3663A .......................................................................... 11

18 U.S.C. § 3664 ...................................................................... 11, 15

18 U.S.C. § 3742(a) ......................................................................... 1

28 U.S.C. § 1291 ............................................................................. 1

## STATEMENT OF JURISDICTION

Pursuant to the district court's jurisdiction under 18 U.S.C. § 3231, the court entered an amended judgment modifying the restitution order on August 22, 2017. ER 7.[1] The defendant-appellant, Steven Douglas Rockett, timely filed a notice of appeal pursuant to Fed. R. App. P. 4(b)(1)(A)(i) on August 28, 2017. ER 9. This Court has jurisdiction to review the district court's amended judgment in this case pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

---

[1] "CR" refers to the numbered entries in the District Court Record; "ER" refers to the Excerpts of Record; and "SSM" refers to sentencing materials filed under seal.

1

## STATEMENT OF ISSUE

Under 18 U.S.C. § 2259, the sentencing judge must order restitution for child victims of sexual exploitation in the "full amount of the victim's losses," defined as costs incurred by the victim as a proximate result of the offense. This Court has applied restitution awards to victims' future costs that are ascertainable and calculable with some reasonable certainty. The district court in the present case, with no clear statutory authorization, awarded future costs of counseling for victims' parents and education expenses that included post-secondary education for victims who had not yet completed high school. The question presented is:

> Should this Court vacate the order for restitution based on future costs because the government failed to establish with reasonable certainty proximate cause, as well as the likelihood the costs would actually be incurred by victims, as required by 18 U.S.C. § 2259?

## STATEMENT OF THE CASE

**Nature Of The Case**

This is the direct appeal from an amended judgment ordering restitution that was entered on August 22, 2017, by the Honorable Michael H. Simon, United States District Court Judge for the District of Oregon, following Mr. Rockett's conviction based on jury findings of guilt for sex offenses that are being separately appealed in Case No. 16-30213.

**Proceedings And Disposition Below**

On May 25, 2016, a jury found Mr. Rockett guilty of one count of producing child pornography outside the United States, five counts of producing or attempting to produce child pornography, one count of engaging in illicit sexual conduct with a minor in a foreign place, and one count of possession of child pornography. CR 137. On September 13, 2016, the district court sentenced Mr. Rockett to 720 months' imprisonment and imposed a supervised release term of life and special assessments totaling $800. CR 151. The district court also stated it would determine restitution within ninety days. CR 151. On September 13, 2016, Mr. Rockett timely filed a notice of appeal on the initial judgment of conviction and commitment order. CR 153. On May 18, 2017, Mr. Rockett filed his opening brief in the related appeal.

On January 12, 2017, the government filed a supplemental sentencing memorandum on restitution. ER 108. On February 8, 2017, Mr. Rockett filed his responsive pleading on restitution, objecting on causation and certainty grounds, ER 96. On February 28, 2017, the government filed its second supplemental sentencing memorandum on restitution, with Exhibits B through E and H, filed under seal. ER 86; SSM 1, 38. On April 20, 2017, after the district court held a restitution hearing, the sentencing judge indicated he would grant restitution in the amounts sought by the government and requested that the government recommend a method of disbursement because three of the victims were still minors. ER 16. On May 18, 2017, the government filed its third supplemental sentencing memorandum on restitution, requesting that the district court disburse payments directly to the adult victim and appoint suitable representatives for the minor victims. ER 10.

On August 22, 2017, the district court amended the judgment and ordered restitution of $22,800, which included amounts for each of the four victims. ER 7. On August 28, 2017, Mr. Rockett timely filed a separate notice of appeal from the amended restitution judgment pursuant to *Manrique v. United States*, 137 S. Ct. 1266, 1274 (2017) ("We hold that a defendant who wishes to appeal an order imposing restitution in a deferred restitution case must file a notice of appeal from

that order."). Pursuant to the separate notice of appeal, this brief addresses the restitution order.

## Standard Of Review

This Court reviews de novo the legality of a restitution order. *United States v. Galan*, 804 F.3d 1287, 1289 (9th Cir. 2015).

## Custody Status

Mr. Rockett is currently in the custody of the Bureau of Prison at United States Penitentiary in Tucson, Arizona, with a projected release date of February 5, 2066.

## STATEMENT OF FACTS

On April 20, 2017, the district court held a hearing to consider the amount of restitution to award four victims who resided in the Philippines. ER 16. The government submitted the reports and testimony of Josefa L. Harner, a psychologist practicing in the Philippines, in support of the claims of victims G.G., M.G., V.P., and J.D.L. For each victim, the government sought restitution for psychological counseling and educational expenses.

## Restitution For G.G. ($9,100)

G.G. testified at trial that Mr. Rockett took a photo of him naked in the shower when he was twelve. ER 110. Because other children teased him over the incident, G.G. dropped out of school for one year in 2015. SSM 2, 45. The psychologist

testified that she diagnosed G.G. with Postraumatic Stress Disorder (PTSD) and anxiety. ER 24. She recommended therapy for G.G. and financial aid for two years of high school and four years of college. SSM 12. The psychologist testified on cross-examination that G.G. is not currently enrolled in college but has stated he wants to attend college. ER 40. The district court ordered $9,100 in restitution be made to G.G., representing $2,900 in counseling, $1,000 in high school education, and $5,200 in college education. ER 7, 114.

**Restitution For M.G. ($3,500)**

M.G., G.G.'s sister, testified at trial that Mr. Rockett contacted her online and asked for naked photos of her. ER 110. M.G. reported to the psychologist domestic violence in her family and her suspicion that her "unemployed and uninvolved" father might be addicted to drugs. SSM 15, 18. The psychologist recommended stress management counseling for M.G. and also counseling for her mother "to manage [M.G.'s mother's] own personal stress" and her father "to address her father's personal issues and to give him the opportunity to change his mind-set." SSM 18-19. She also recommended financial aid for six years of elementary and secondary school, and four years of college. ER 28. The government sought individual and "family" counseling and two years of financial aid for education for M.G. ER 114-115. The district court ordered $3,500 in restitution be made to M.G.,

6

representing $1,200 in stress management, $1,300 in family therapy, and $1,000 for two years of education. ER 7, 115.

**Restitution For V.P. ($6,300)**

V.P. testified at trial that Mr. Rockett took photos of him while he was naked in the shower when he was twelve. ER 110. V.P. dropped out of school, and the psychologist diagnosed him with PTSD and anxiety. ER 110; SSM 27-28, 46. The psychologist recommended therapy for anger and PTSD and financial aid for two years of high school and two years of vocational training. SSM 27. The district court ordered $6,300 in restitution be made to V.P., representing $2,900 in counseling for stress management and PTSD and financial aid for two years of high school and two years of vocational training. ER 7, 116.

**Restitution For J.D.L. ($3,900)**

J.D.L. testified that Mr. Rockett touched his genitals, performed oral sex on him, and surreptitiously recorded him showering. ER 110. Ms. Harner diagnosed J.D.L. with PTSD and recommended PTSD and anger counseling and financial aid for his remaining one semester of college and licensing for a customs administration exam. ER 116-17. The district court ordered $3,900 in restitution be made to J.D.L, representing $2,900 in counseling, $600 for one semester of college, and $400 for occupational licensing. ER 7, 117.

7

## SUMMARY OF ARGUMENT

By the end of the restitution hearing, the sentencing judge was "still scratching [his] head" at the government's estimate of one victim's prospective vocational expenses. ER 74. The district court questioned the appropriateness of estimating the future costs of the victims' college and vocational expenses when most of the victims had not yet completed high school and when such costs were not clearly within the text of the statute, cautioning the government that the issue was likely to be appealed. ER 52-54. In *United States v. Kennedy*, this Court described a three-step framework to prevent arbitrary restitution awards that are not authorized by 18 U.S.C. § 2259. 643 F.3d 1251, 1260 (9th Cir. 2011). The government has the burden to prove by a preponderance of the evidence (1) that the individual seeking restitution is a "victim" of the offense; (2) that the offense was a proximate cause of the victim's losses; and (3) that the losses so caused can be calculated with some reasonable certainty. *Kennedy*, 643 F.3d at 1263. The government in the present case failed to meet its burden in its wide-ranging request for restitution that included counseling for the victims' father to address his unemployment, which pre-dated the offense; post-secondary education for children who had not yet completed high school; and occupational expenses for a college student who was not demonstrated to have missed school or work as a result of the offenses.

8

The calculations for future costs that the victims had not yet been incurred – and indeed were so remote that they may never be incurred – prompted the district court to ask the government what guidance this Court offers "on what happens if the victim doesn't use the money." ER 61. The government responded there was no such guidance from this Court, and the victims could use the restitution awarded for education losses as they please – even, as the district court suggested, to "buy a lottery ticket." ER 64.

To the contrary, this Court has provided guidance as to how future losses should be calculated: they should be "ascertainable," *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999), and calculable with "some reasonable certainty," *Kennedy*, 643 F.3d at 1263. Otherwise, the statute would be unconstitutionally vague. Where the government failed to establish causation and costs, leaving the district court to wonder if future costs would actually be incurred, the government did not meet its burden to prove that the requested future cost is ascertainable to some reasonable certainty. This Court should vacate the present award that exceeded statutory authorization under § 2259 and remand for imposition of lesser restitution awards based only on victims' losses proximately caused by Mr. Rockett's criminal conduct and established to a reasonable certainty.

9

## ARGUMENT

I.  **The Restitution Awards Exceeded The Statutory Authorization Provided By 18 U.S.C. § 2259.**

Controlling precedent only permits restitution awards for victims' proximately caused losses that are established with reasonable certainty. Neither the parental counseling nor the victims' future costs meet that standard. The broad award under the rubric of restitution violates this Court's precedent as well as the principles that penal statutes are narrowly construed and must be interpreted to avoid unconstitutional vagueness. *Skilling v. United States*, 561 U.S. 358, 404 (2010); *Bifulco v. United States*, 447 U.S. 381, 387 (1980). This Court should vacate the restitution award and remand for imposition of reduced restitution under the statute.

A.  **Restitution Under § 2259 Must Represent Losses That Were Proximately Caused By The Offense That Can Be Calculated With Some Reasonable Certainty.**

"Federal courts have no inherent power to award restitution, but may do so only pursuant to statutory authority." *United States v. Gossi*, 608 F.3d 574, 577 (9th Cir. 2010) (quoting *United States v. Follet*, 269 F.3d 996, 998 (9th Cir. 2001)). Section 2259 mandates restitution for child victims of sexual exploitation for "the full amount of the victim's losses." 18 U.S.C. § 2259(b)(1). This Court has held that, because the statue defines "victim" as "the individual harmed as a result of a commission of a crime of this chapter," "the government must establish a causal

10

connection between the defendant's offense and the harm to the victim." *Kennedy*, 643 F.3d at 1260 (citing § 2259(c)).

The statute also defines the "full amount of the victim's losses":

> **Definition.**—For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for—
>
> > **(A)** medical services relating to physical, psychiatric, or psychological care;
> > **(B)** physical and occupational therapy or rehabilitation;
> > **(C)** necessary transportation, temporary housing, and child care expenses;
> > **(D)** lost income;
> > **(E)** attorneys' fees, as well as other costs incurred; and
> > **(F)** any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3). This Court has interpreted this language "as allowing restitution only for losses that were 'proximately' caused by the defendant's conduct." *Kennedy*, 643 F.3d at 1260–61 (citing *Laney*, 189 F.3d at 965). "Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014).

The statute also requires that the order of restitution "be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." 18 U.S.C. § 2259(b)(2). Section 3664 provides that the burden of proving the amount of the victim's losses is on the government. 18 U.S.C. § 3664(e). In

11

carrying this burden, the government must provide the district court with enough evidence to allow the court to estimate the "full amount of the victim's losses" with "some reasonable certainty." *United States v. Doe*, 488 F.3d 1154, 1159–60 (9th Cir. 2007). This Court in *Kennedy* summarized the necessary determinations: "[I]n order to award restitution under § 2259(b)(1), a district court must make three determinations: (1) that the individual seeking restitution is a "victim" of the defendant's offense; (2) that the defendant's offense was a proximate cause of the victim's losses… and (3) that the losses so caused can be calculated with some reasonable certainty." 643 F.3d at 1263 (internal quotation marks and citations omitted).

**B.    Restitution For Individual And Couples Counseling For M.G. And G.G.'s Parents Exceeded The Authority Conferred Under § 2259 Because The District Court Neither Determined The Parents Were Statutory Victims Nor Identified A Causal Connection Between The Offense And The Parents' Costs.**

Applying the framework laid out by this Court in *Kennedy*, the district court should have begun with the question of whether M.G. and G.G.'s parents were "victims" for the purposes of § 2259 before granting them restitution for counseling. The government presented no evidence that M.G. and G.G.'s parents were statutory victims of the offense. Yet the government sought, and the district court granted, counseling for M.G. and G.G.'s parents. The government labeled this "family

12

therapy" in its request. ER 114. The psychologist's report, however, makes it clear that the counseling she recommended was for the each parent individually and as a couple, not with M.G. and G.G. SSM 19, 21. M.G. and G.G. complained that their father was unemployed and uninvolved, did not support the family, and could be addicted to drugs; and G.G. reported domestic violence at home. SSM 3, 9, 14-15. The psychologist opined that M.G. and G.G.'s father could have undiagnosed depression or dysthymia. SSM 10. She recommended "marriage counseling … a mix of individual and joint couple's therapy for the parents;" individual counseling for the mother "to help her manage her own personal stress;" and individual counseling for the father to address his "personal issues and give him the opportunity to change his mind-set." SSM 19.

The district court did not find that M.G. and G.G.'s parents were victims of the offense. The district court made no finding that Mr. Rockett's conduct caused the father's unemployment and his lack of interest in his family or the mother's stress. Instead, the available evidence indicates that their issues were unrelated to Mr. Rockett's conduct: the father was unemployed prior to the offense and had been previously working abroad. *See* SSM 3. There was also no evidence that the father would participate in counseling given his lack of involvement in the family. The restitution award for individual and couples counseling for M.G. and G.G.'s parents

was thus not authorized and unlawful because the parents were not statutory victims of the offense, and there was no evidence that their yet unincurred counseling costs were caused by the offenses.

### C. Restitution For Future Costs Was Unlawful Under § 2259 Because The Government Failed To Calculate The Future Costs With Some Reasonable Certainty.

At the third step of the restitution analysis under *Kennedy*, the government failed to offer a method for calculating the amount of the education and occupational losses that were proximately caused by the offenses. The government sought, and the district court awarded, financial aid for G.G., M.G., and V.P., to finish their two remaining years of high school. ER 7, 114-17. The district court additionally awarded G.G. and V.P. financial aid for tertiary education: four years of college tuition for G.G. and two years of vocational training costs for V.P. ER 7, 113-17 7. For J.D.L., the district court awarded financial aid for his remaining semester of college and for his licensing exam, preparation materials, and fees. ER 32-33. None of the education costs represented past expenses. ER 43-44.

The district court found that only one of the victims, V.P., actually dropped out of school because of Mr. Rockett's conduct. ER 68. The government presented evidence that G.G. dropped out of school for one year in 2015. SSM 3, 45. The government, however, failed to establish that the other victims, J.D.L. and M.G.,

14

missed any schooling or work due to the offenses. The district court was thus unable to calculate the loss attributable to the offenses. *Kennedy*, 643 F.3d at 1264-65 ("[T]he district court's inability to calculate the loss attributable to Kennedy's offense is due to the government's failure to introduce evidence of such a loss (such as evidence that Kennedy's conduct led to Amy and Vicky needing additional therapy sessions or missing days at work.)" (citation omitted)).

The government relied on two cases from this Court to justify the award of the future education and occupational expenses, *Laney* and *Doe*. ER 70. In *Laney*, this Court held that § 2259 authorizes future counseling expenses that had not yet been incurred by the victim but were "ascertainable." 189 F.3d at 966. This Court explained that future costs must be calculated with reasonable certainty:

> Of course, district courts must estimate the amounts that victims will spend on future counseling *with reasonable certainty*, in accordance with the procedures set forth in 18 U.S.C. § 3664. In many cases, an *order of restitution for future losses may be inappropriate because the amount of loss is too difficult to confirm or calculate*.

189 F.3d at 967 n. 14 (emphasis added). Unlike in *Laney*, however, the government's calculations of the educational and occupational loss in this case were not "well-supported and exact." *Id*. The government sought financial aid for college for G.G, but made no showing that G.G., who was still in high school at the time of the hearing, had been accepted into college or would be enrolled in college after high

school. ER 40, 42. The government also failed to show that V.P. would return to complete two years of high school and then go on to complete two years of vocational schooling, when there was no evidence he had been accepted into vocational schooling or would be enrolled in vocational school after high school. The future losses in this case, which included educational expenses so uncertain that they may never be incurred, were "too difficult to confirm or calculate," and were inappropriate. *Laney*, 189 F.3d at 967 n.14.

The district court asked the government what would happen to the money if G.G. and V.P. did not go on to post-secondary school. ER 55-58, 63. The government responded that the victims would be free to do whatever they wanted with the amount of the restitution award. ER 63-64; *see also* ER 12 at n.1. The district court's uncertainty about whether the restitution award would actually go toward the allocated education expenses demonstrates that the government failed to provide the court with sufficient evidence to allow the court to estimate the amount of the victims' education costs with the requisite degree of certainty. *Doe*, 488 F.3d at 1159-60. If the government had met its burden, the district court would not have needed to "engage in ... arbitrary calculations," *Laney*, 189 F.3d at 967 n.14, of future education expenses that may not be caused by the defendant or incurred by the victims.

16

"The causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001). In this case, the government sought costs for post-secondary schooling that is uncertain to be incurred – liability that is "too remote from or too tangential to a victim's specific losses." *Kennedy*, 643 F.3d at 1262. The government offered no reasonable, causal explanation, beyond the victims' own desires, for the varying levels and years of higher education denoted as restitution. This is precisely the type of uncertain calculation and causation rejected by this Court in *Kennedy*: "Section 2259 does not authorize such arbitrary awards." 643 F.3d at 1265.

The government here provided the district court with no basis upon which to decide how far in time and remote in possibility Mr. Rockett's liability should extend. The sentencing judge acknowledged the government's questionable proof with the declaration he looked forward to reading this Court's opinion if this issue was raised on appeal. ER 76. The Court should provide the necessary guidance by holding that the awards violated the restitution statute under this Court's controlling precedent in *Kennedy* and *Laney*.

17

**Conclusion**

In the separate appeal of his convictions, Mr. Rockett contends that all his convictions should be vacated based on failure to meet statutory requirements for conviction and spill-over prejudice from the overly broad descriptions of the charged crimes. In this appeal of the restitution order, Mr. Rockett respectfully reiterates his objections to the judgments of conviction and, further, in the alternative, requests that the restitution order be vacated and remanded to the district court for entry of reduced restitution awards.

Respectfully submitted this 22nd day of December, 2017.


*/s/ Stephen R. Sady*
Stephen R. Sady
Chief Deputy Federal Public Defender

*/s/ Lisa Ma*
Lisa Ma
Research and Writing Attorney

Attorneys for Appellant

18

## STATEMENT OF RELATED CASES

I, Stephen R. Sady, undersigned counsel of record for Defendant-Appellant Steven Douglas Rockett, state pursuant to the Ninth Circuit Court of Appeals Rule 28-2.6, that United States Court of Appeal Case No. 16-30213 arises out of the same case in the district court and is pending in this Court.

Respectfully submitted this 22nd day of December, 2017.


_/s/ Stephen R. Sady_____
Stephen R. Sady
Attorney for Appellant

19

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3624 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2013 Times New Roman 14-point font.

Respectfully submitted this 22nd day of December, 2017.


*/s/ Stephen R. Sady*
Stephen R. Sady
Attorney for Appellant

20

## CERTIFICATE OF SERVICE

I hereby certify that on December 22nd, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Respectfully submitted this 22nd day of December, 2017.


*/sNeysa Bogar*
Neysa Bogar