# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## NOTICE OF SEALING UNDER INTERIM CIRCUIT RULE 27-13 [1]

**Case Number:** 16-30213 and 17-30167

**Case Title:** United States v. Steven Douglas Rockett

*Note:* This form notice may only be used in accordance with the subsections of Interim Circuit Rule 27-13 noted below. All other requests to file documents under seal must be made by way of a motion. See Interim Circuit Rule 27-13(e).

☒ Pursuant to Interim Circuit Rule 27-13(d), the filing of this document or set of documents under seal is required by a statute or procedural rule. The applicable statute/rule is  18 U.S.C. § 3509(d)

☐ Pursuant to Interim Circuit Rule 27-13(f), I intend to file the following document/documents publicly although the document/documents were filed under seal in the district court/agency. The document/documents filed herewith provisionally under seal are:

☐ Pursuant to Interim Circuit Rule 27-13(g), maintaining this entire case under seal is mandated by statute or procedural rule. The applicable statute/rule is

☐ Pursuant to Interim Circuit Rule 27-13(h), maintaining under seal the record or a portion of the district court or agency record that was transmitted to the appellate court is required by statute or procedural rule. The applicable statute/rule is

If only a portion of the record need be maintained under seal, please identify the specific portions:

**Signature:** s/Kelly A. Zusman
(use "s/" format with typed name)

**Date:** September 26, 2018

---

[1] In all instances where a document or set of documents is to be filed under seal, the cover or first page of the document or set of documents must be prominently marked "UNDER SEAL."

> United States Code Annotated
>   Title 18. Crimes and Criminal Procedure (Refs & Annos)
>     Part II. Criminal Procedure
>       Chapter 223. Witnesses and Evidence (Refs & Annos)

18 U.S.C.A. § 3509

§ 3509. Child victims' and child witnesses' rights

Effective: December 1, 2009

Currentness

**(a) Definitions.**--For purposes of this section--

**(1)** the term "adult attendant" means an adult described in subsection (i) who accompanies a child throughout the judicial process for the purpose of providing emotional support;

**(2)** the term "child" means a person who is under the age of 18, who is or is alleged to be--

**(A)** a victim of a crime of physical abuse, sexual abuse, or exploitation; or

**(B)** a witness to a crime committed against another person;

**(3)** the term "child abuse" means the physical or mental injury, sexual abuse or exploitation, or negligent treatment of a child;

**(4)** the term "physical injury" includes lacerations, fractured bones, burns, internal injuries, severe bruising or serious bodily harm;

**(5)** the term "mental injury" means harm to a child's psychological or intellectual functioning which may be exhibited by severe anxiety, depression, withdrawal or outward aggressive behavior, or a combination of those behaviors, which may be demonstrated by a change in behavior, emotional response, or cognition;

**(6)** the term "exploitation" means child pornography or child prostitution;

**(7)** the term "multidisciplinary child abuse team" means a professional unit composed of representatives from health, social service, law enforcement, and legal service agencies to coordinate the assistance needed to handle cases of child abuse;

**(8)** the term "sexual abuse" includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children;

**(9)** the term "sexually explicit conduct" means actual or simulated--

**(A)** sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or of opposite sex; sexual contact means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person;

**(B)** bestiality;

**(C)** masturbation;

**(D)** lascivious exhibition of the genitals or pubic area of a person or animal; or

**(E)** sadistic or masochistic abuse;

**(10)** the term "sex crime" means an act of sexual abuse that is a criminal act;

**(11)** the term "negligent treatment" means the failure to provide, for reasons other than poverty, adequate food, clothing, shelter, or medical care so as to seriously endanger the physical health of the child; and

**(12)** the term "child abuse" does not include discipline administered by a parent or legal guardian to his or her child provided it is reasonable in manner and moderate in degree and otherwise does not constitute cruelty.

**(b) Alternatives to live in-court testimony.--**

**(1) Child's live testimony by 2-way closed circuit television.--**

**(A)** In a proceeding involving an alleged offense against a child, the attorney for the Government, the child's attorney, or a guardian ad litem appointed under subsection (h) may apply for an order that the child's testimony be taken in a room outside the courtroom and be televised by 2-way closed circuit television. The person seeking such an order shall apply for such an order at least 7 days before the trial date, unless the court finds on the record that the need for such an order was not reasonably foreseeable.

**(B)** The court may order that the testimony of the child be taken by closed-circuit television as provided in subparagraph (A) if the court finds that the child is unable to testify in open court in the presence of the defendant, for any of the following reasons:

**(i)** The child is unable to testify because of fear.

**(ii)** There is a substantial likelihood, established by expert testimony, that the child would suffer emotional trauma from testifying.

**(iii)** The child suffers a mental or other infirmity.

**(iv)** Conduct by defendant or defense counsel causes the child to be unable to continue testifying.

**(C)** The court shall support a ruling on the child's inability to testify with findings on the record. In determining whether the impact on an individual child of one or more of the factors described in subparagraph (B) is so substantial as to justify an order under subparagraph (A), the court may question the minor in chambers, or at some other comfortable place other than the courtroom, on the record for a reasonable period of time with the child attendant, the prosecutor, the child's attorney, the guardian ad litem, and the defense counsel present.

**(D)** If the court orders the taking of testimony by television, the attorney for the Government and the attorney for the defendant not including an attorney pro se for a party shall be present in a room outside the courtroom with the child and the child shall be subjected to direct and cross-examination. The only other persons who may be permitted in the room with the child during the child's testimony are--

**(i)** the child's attorney or guardian ad litem appointed under subsection (h);

**(ii)** persons necessary to operate the closed-circuit television equipment;

**(iii)** a judicial officer, appointed by the court; and

**(iv)** other persons whose presence is determined by the court to be necessary to the welfare and well-being of the child, including an adult attendant.

The child's testimony shall be transmitted by closed circuit television into the courtroom for viewing and hearing by the defendant, jury, judge, and public. The defendant shall be provided with the means of private, contemporaneous communication with the defendant's attorney during the testimony. The closed circuit television transmission shall relay into the room in which the child is testifying the defendant's image, and the voice of the judge.

**(2) Videotaped deposition of child.--(A)** In a proceeding involving an alleged offense against a child, the attorney for the Government, the child's attorney, the child's parent or legal guardian, or the guardian ad litem appointed under subsection (h) may apply for an order that a deposition be taken of the child's testimony and that the deposition be recorded and preserved on videotape.

**(B)(i)** Upon timely receipt of an application described in subparagraph (A), the court shall make a preliminary finding regarding whether at the time of trial the child is likely to be unable to testify in open court in the physical presence of the defendant, jury, judge, and public for any of the following reasons:

**(I)** The child will be unable to testify because of fear.

**(II)** There is a substantial likelihood, established by expert testimony, that the child would suffer emotional trauma from testifying in open court.

**(III)** The child suffers a mental or other infirmity.

**(IV)** Conduct by defendant or defense counsel causes the child to be unable to continue testifying.

**(ii)** If the court finds that the child is likely to be unable to testify in open court for any of the reasons stated in clause (i), the court shall order that the child's deposition be taken and preserved by videotape.

**(iii)** The trial judge shall preside at the videotape deposition of a child and shall rule on all questions as if at trial. The only other persons who may be permitted to be present at the proceeding are--

**(I)** the attorney for the Government;

**(II)** the attorney for the defendant;

**(III)** the child's attorney or guardian ad litem appointed under subsection (h);

**(IV)** persons necessary to operate the videotape equipment;

**(V)** subject to clause (iv), the defendant; and

**(VI)** other persons whose presence is determined by the court to be necessary to the welfare and well-being of the child.

The defendant shall be afforded the rights applicable to defendants during trial, including the right to an attorney, the right to be confronted with the witness against the defendant, and the right to cross-examine the child.

**(iv)** If the preliminary finding of inability under clause (i) is based on evidence that the child is unable to testify in the physical presence of the defendant, the court may order that the defendant, including a defendant represented pro se, be excluded from the room in which the deposition is conducted. If the court orders that the defendant be excluded from the deposition room, the court shall order that 2-way closed circuit television equipment relay the defendant's image into the room in which the child is testifying, and the child's testimony into the room in which the defendant is viewing the proceeding, and that the defendant be provided with a means of private, contemporaneous communication with the defendant's attorney during the deposition.

**(v) Handling of videotape.**--The complete record of the examination of the child, including the image and voices of all persons who in any way participate in the examination, shall be made and preserved on video tape in addition to being stenographically recorded. The videotape shall be transmitted to the clerk of the court in which the action is pending and shall be made available for viewing to the prosecuting attorney, the defendant, and the defendant's attorney during ordinary business hours.

**(C)** If at the time of trial the court finds that the child is unable to testify as for a reason described in subparagraph (B)(i), the court may admit into evidence the child's videotaped deposition in lieu of the child's testifying at the trial. The court shall support a ruling under this subparagraph with findings on the record.

**(D)** Upon timely receipt of notice that new evidence has been discovered after the original videotaping and before or during trial, the court, for good cause shown, may order an additional videotaped deposition. The testimony of the child shall be restricted to the matters specified by the court as the basis for granting the order.

**(E)** In connection with the taking of a videotaped deposition under this paragraph, the court may enter a protective order for the purpose of protecting the privacy of the child.

**(F)** The videotape of a deposition taken under this paragraph shall be destroyed 5 years after the date on which the trial court entered its judgment, but not before a final judgment is entered on appeal including Supreme Court review. The videotape shall become part of the court record and be kept by the court until it is destroyed.

**(c) Competency examinations.--**

**(1) Effect on Federal Rules of Evidence.**--Nothing in this subsection shall be construed to abrogate rule 601 of the Federal Rules of Evidence.

**(2) Presumption.**--A child is presumed to be competent.

**(3) Requirement of written motion.**--A competency examination regarding a child witness may be conducted by the court only upon written motion and offer of proof of incompetency by a party.

**(4) Requirement of compelling reasons.**--A competency examination regarding a child may be conducted only if the court determines, on the record, that compelling reasons exist. A child's age alone is not a compelling reason.

**(5) Persons permitted to be present.**--The only persons who may be permitted to be present at a competency examination are--

   **(A)** the judge;

   **(B)** the attorney for the Government;

   **(C)** the attorney for the defendant;

   **(D)** a court reporter; and

   **(E)** persons whose presence, in the opinion of the court, is necessary to the welfare and well-being of the child, including the child's attorney, guardian ad litem, or adult attendant.

**(6) Not before jury.**--A competency examination regarding a child witness shall be conducted out of the sight and hearing of a jury.

**(7) Direct examination of child.**--Examination of a child related to competency shall normally be conducted by the court on the basis of questions submitted by the attorney for the Government and the attorney for the defendant including a party acting as an attorney pro se. The court may permit an attorney but not a party acting as an attorney pro se to examine a child directly on competency if the court is satisfied that the child will not suffer emotional trauma as a result of the examination.

**(8) Appropriate questions.**--The questions asked at the competency examination of a child shall be appropriate to the age and developmental level of the child, shall not be related to the issues at trial, and shall focus on determining the child's ability to understand and answer simple questions.

**(9) Psychological and psychiatric examinations.**--Psychological and psychiatric examinations to assess the competency of a child witness shall not be ordered without a showing of compelling need.

**(d) Privacy protection.--**

**(1) Confidentiality of information.--(A)** A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

**(i)** keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

**(ii)** disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

**(B)** Subparagraph (A) applies to--

**(i)** all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

**(ii)** employees of the court;

**(iii)** the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

**(iv)** members of the jury.

**(2) Filing under seal.**--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court--

**(A)** the complete paper to be kept under seal; and

**(B)** the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

**(3) Protective orders.--(A)** On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

**(B)** A protective order issued under subparagraph (A) may--

**(i)** provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

**(ii)** provide for any other measures that may be necessary to protect the privacy of the child.

**(4) Disclosure of information.**--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

**(e) Closing the courtroom.**--When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

**(f) Victim impact statement.**--In preparing the presentence report pursuant to rule 32(c) of the Federal Rules of Criminal Procedure, the probation officer shall request information from the multidisciplinary child abuse team and other appropriate sources to determine the impact of the offense on the child victim and any other children who may have been affected. A guardian ad litem appointed under subsection (h) shall make every effort to obtain and report information that accurately expresses the child's and the family's views concerning the child's victimization. A guardian ad litem shall use forms that permit the child to express the child's views concerning the personal consequences of the child's victimization, at a level and in a form of communication commensurate with the child's age and ability.

**(g) Use of multidisciplinary child abuse teams.**--

**(1) In general.**--A multidisciplinary child abuse team shall be used when it is feasible to do so. The court shall work with State and local governments that have established multidisciplinary child abuse teams designed to assist child victims and child witnesses, and the court and the attorney for the Government shall consult with the multidisciplinary child abuse team as appropriate.

**(2) Role of multidisciplinary child abuse teams.**--The role of the multidisciplinary child abuse team shall be to provide for a child services that the members of the team in their professional roles are capable of providing, including--

**(A)** medical diagnoses and evaluation services, including provision or interpretation of x-rays, laboratory tests, and related services, as needed, and documentation of findings;

**(B)** telephone consultation services in emergencies and in other situations;

**(C)** medical evaluations related to abuse or neglect;

**(D)** psychological and psychiatric diagnoses and evaluation services for the child, parent or parents, guardian or guardians, or other caregivers, or any other individual involved in a child victim or child witness case;

**(E)** expert medical, psychological, and related professional testimony;

**(F)** case service coordination and assistance, including the location of services available from public and private agencies in the community; and

**(G)** training services for judges, litigators, court officers and others that are involved in child victim and child witness cases, in handling child victims and child witnesses.

**(h) Guardian ad litem.--**

**(1) In general.**--The court may appoint, and provide reasonable compensation and payment of expenses for, a guardian ad litem for a child who was a victim of, or a witness to, a crime involving abuse or exploitation to protect the best interests of the child. In making the appointment, the court shall consider a prospective guardian's background in, and familiarity with, the judicial process, social service programs, and child abuse issues. The guardian ad litem shall not be a person who is or may be a witness in a proceeding involving the child for whom the guardian is appointed.

**(2) Duties of guardian ad litem.**--A guardian ad litem may attend all the depositions, hearings, and trial proceedings in which a child participates, and make recommendations to the court concerning the welfare of the child. The guardian ad litem may have access to all reports, evaluations and records, except attorney's work product, necessary to effectively advocate for the child. (The extent of access to grand jury materials is limited to the access routinely provided to victims and their representatives.) A guardian ad litem shall marshal and coordinate the delivery of resources and special services to the child. A guardian ad litem shall not be compelled to testify in any court action or proceeding concerning any information or opinion received from the child in the course of serving as a guardian ad litem.

**(3) Immunities.**--A guardian ad litem shall be presumed to be acting in good faith and shall be immune from civil and criminal liability for complying with the guardian's lawful duties described in paragraph (2).

**(i) Adult attendant.**--A child testifying at or attending a judicial proceeding shall have the right to be accompanied by an adult attendant to provide emotional support to the child. The court, at its discretion, may allow the adult attendant to remain in close physical proximity to or in contact with the child while the child testifies. The court may allow the adult attendant to hold the child's hand or allow the child to sit on the adult attendant's lap throughout the course of the proceeding. An adult attendant shall not provide the child with an answer to any question directed to the child during the course of the child's testimony or

otherwise prompt the child. The image of the child attendant, for the time the child is testifying or being deposed, shall be recorded on videotape.

**(j) Speedy trial.**--In a proceeding in which a child is called to give testimony, on motion by the attorney for the Government or a guardian ad litem, or on its own motion, the court may designate the case as being of special public importance. In cases so designated, the court shall, consistent with these rules, expedite the proceeding and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process. When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being. The court shall make written findings of fact and conclusions of law when granting a continuance in cases involving a child.

**(k) Stay of civil action.**--If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, the civil action shall be stayed until the end of all phases of the criminal action and any mention of the civil action during the criminal proceeding is prohibited. As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

**(l) Testimonial aids.**--The court may permit a child to use anatomical dolls, puppets, drawings, mannequins, or any other demonstrative device the court deems appropriate for the purpose of assisting a child in testifying.

**(m) Prohibition on reproduction of child pornography.**--

**(1)** In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.

**(2)(A)** Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

**(B)** For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

### CREDIT(S)

(Added Pub.L. 101-647, Title II, § 225(a), Nov. 29, 1990, 104 Stat. 4798; amended Pub.L. 103-322, Title XXXIII, §§ 330010(6), (7), 330011(e), 330018(b), Sept. 13, 1994, 108 Stat. 2143, 2145, 2149; Pub.L. 104-294, Title VI, § 605(h), Oct. 11, 1996, 110 Stat. 3510; Pub.L. 109-248, Title V, §§ 504, 507, July 27, 2006, 120 Stat. 629, 631; Pub.L. 111-16, § 3(11), May 7, 2009, 123 Stat. 1608.)

18 U.S.C.A. § 3509, 18 USCA § 3509

Current through P.L. 115-223. Also includes P.L. 115-225 to 115-231 and 115-233 to 115-239. Title 26 current through P.L. 115-242.

---

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Kelly A. Zusman
Assistant U.S. Attorney
Kelly.Zusman@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 26, 2018

*Via Federal Express*

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals
95 Seventh Street
San Francisco, California 94103-1526

    Re:    *United States v. Steven Douglas Rockett*, 3:13-CR-557-SI
            Case Nos. 16-30213 & 17-30167
            Four Copies of Disc – Government Trial Exhibit 10 – **FILED UNDER SEAL**

Dear Ms. Dwyer:

    Pursuant to this Court's September 21, 2018, Orders filed in Case Nos. 16-30213 and 17-30167 (DktEntries 59 & 36, respectively), enclosed are four copies of a disc containing Government Trial Exhibit 10 ("Contraband Images"). ***The discs are filed under seal because they contain child pornography.*** The discs are not encrypted. Pursuant to 18 U.S.C. § 3509(m), a copy of the disc is not being provided to defense counsel, although the contents of the disc have been and will continue to be available for counsel's review at a government facility.

                                       Sincerely,

                                       BILLY J. WILLIAMS
                                       United States Attorney

                                       KELLY A. ZUSMAN
                                       Appellate Chief
                                       Assistant United States Attorney

Enclosures

cc:  Stephen Sady, Attorney for Steven Rockett (w/o encl.)

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## CERTIFICATE OF SERVICE
## SEALED DOCUMENTS
## INTERIM CIRCUIT RULE 27-13

**Case Number:** 16-30213 & 17-30167

**Case Title:** United States v. Steven Douglas Rockett

*Note:* Documents to be filed under seal are to be submitted electronically. As the parties will not have online access to those documents once they are submitted, the CM/ECF electronic notice of filing will not act to cause service of those documents under FRAP 25(c)(2) and Ninth Circuit Rule 25-5(f). Interim Circuit Rule 27-13(c) therefore requires an alternative method of serving the motion or notice to seal and the materials to be sealed.

(●) I certify that I have provided a paper copy of the document(s) listed below to all other parties via personal service, mail, or third-party commercial carrier on the date noted below. *See* FRAP 25(c)(1)(A) – (C).

( ) I certify that, having obtained prior consent, I have provided a copy of the document(s) listed below to all other parties via electronic mail. *See* FRAP 25(c)(1)(D); Interim Circuit Rule 27-13(c).

**DESCRIPTION OF DOCUMENTS:**

A copy of the Notice of Sealing Under Interim Cir. R. 27-13, with a printed copy of the statute (18 U.S.C. § 3509) and a courtesy copy of the government's September 26, 2018, transmittal letter is being served on defense counsel Stephen Sady & Lisa Ma at the Federal Public Defender's Office. As stated in the government's letter, a copy of the disc was NOT served on defense pursuant to 18 U.S.C. § 3509(m).

**Signature:** s/Kelly A. Zusman

(use "s/" format with typed name)

**Date:** September 26, 2018